UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Abraham Rosenblum,

                Plaintiff,

                -against-

LHR Inc. d/b/a Lewis Hastie Receivables,

                Defendant(s).
------------------------------------------------------------X

Civil Action No.

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**



Plaintiff Abraham Rosenblum ("Plaintiff" or "Rosenblum"), by and through his attorneys, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for his Complaint against the Defendant LHR Inc. d/b/a Lewis Hastie Receivables ("Defendant" or "LHR"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Sec. 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

### PARTIES

2.     Plaintiff is a resident of the State of New York, County of Kings, residing at 5707 21st Avenue, Brooklyn, New York 11204.

3.     Defendant is a New York corporation with a principal place of business at 56 Main Street, Hamburg, New York 14075, and is authorized to do business in the State of New York.

4.     Defendant is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, on a date better known to the Defendant, the Defendant began collection activities on an alleged consumer debt from Plaintiff ("Alleged Debt").

9. On or about December 2, 2011, Plaintiff sent a letter to the Defendant, disputing the debt and requesting validation of the alleged debt.

10. Defendant failed to provide validation as requested by the Plaintiff.

11. Defendant failed to report the alleged debt to the credit bureaus as disputed.

12. Defendant continued its collection efforts despite the fact that the debt was disputed, and not properly verified.

13. Said failure on the part of the Defendant is a violation of the FDCPA, 15 U.S.C. Sec. 1692e(8), which prohibits a debt collector from communicating false credit information, "including the failure to communicate that a disputed debt is disputed."

14. Said failure on the part of the Defendant is also a violation of the FDCPA, 15 U.S.C. Sec. 1692g(b), which mandates a debt collector to cease collection efforts until the debt is validated.

15. Upon information and belief, in or about February 2012 or March 2012, the Defendant caused the Alleged Debt to be deleted from the Plaintiff's credit report, thereby implicitly acknowledging either that the Alleged Debt was erroneous or that it had committed the violations alleged in this Complaint.

16. As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

18. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. Sec. 1692e(8) and 15 U.S.C. Sec. 1692g(b).

19. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

20. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Abraham Rosenblum demands judgment against the Defendant LHR Inc. d/b/a Lewis Hastie Receivables, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. A declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
April 3, 2012

Respectfully submitted,

By: _____
Samuel A. Ehrenfeld
FREDRICK SCHULMAN & ASSOCIATES
Attorneys for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053